UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>    **LA. DOC #424229**<br>**VS.** | **CIVIL ACTION NO. 6:13-2120**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **MIKE HARSON, ET AL.** | **MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 21, 2013.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate").  Lavergne names Fifteenth Judicial District District Attorney Mike Harson ("Harson") and the Fifteenth Judicial District District Attorney's Office as defendants.

Lavergne alleges that Harson and his Assistants improperly leaked incorrect information to the media about the murders of Shunick and Pate to make him "look like a serial killer", to slander him in the eyes of the public and "taint [his] jury pool", "which lead to the illegal plea agreement."  More specifically, Lavergne alleges that Harson and his agents "knowingly wage[d] a smire [sic] campaign against me and manipulated the

public into believing I was a serial killer to cover up they had not one piece of evidence to prove I murdered Michaela Shunick or Lisa Pate. And they used the weight of their lies and crimes to force me into a plea and then further slander me even more after my plea by releasing false information to the public to help advance their own careers and to deflect the public attention away from the criminal investigation involving the district attorney's office taking bribes to fix DWI's." [rec. doc. 1, pg. 5].

    Lavergne further alleges that Harson and his Assistants knowingly took a plea in the Pate case over which the court had no jurisdiction[1], and misrepresented the facts of the case in court and following his plea. He further complains that Harson and his Assistants "manipulated the statement of facts in support of the plea which were read into the record at Lavergne's plea proceeding" and thereafter, released the allegedly false statements of witnesses including Kent David Kloster[2], Claire Gianfala Higgingbottom, Laincy Vasseur Martinez to the public. Lavergne also alleges that his rights were violated during the grand jury proceedings in connection with the Pate case to obtain an illegal murder indictment against him.

---

[1] Lavergne alleges that Pate died of a drug overdose at Fort Polk, which is subject to military as opposed to State jurisdiction, and that because Pate was a prostitute the State could not properly have charged him with the kidnaping of Pate in Lafayette Parish, thereby enabling the case to be "moved" from Acadia Parish. These same allegations form the basis of a malicious prosecution claim Lavergne asserts, as well as a claim for prosecutorial misconduct. [*See* rec. doc. 13, pgs. 2-4 and 4-7]

[2] Lavergne alleges that Kloster fabricated a story that Lavergne told him that he (Lavergne) placed a plastic bag over Pate's head.

With respect to the Micky Shunick case, Lavergne alleges that Harson and his Assistants "lied and misrepresented the truth surrounding the facts in connection with the death of Michaela Shunick."  Moreover, Lavergne alleges that Harson and his agents "stole" items from his home and his truck without a warrant.  Finally, Lavergne alleges that Harson maliciously prosecuted him for the murder of Shunick because "Harson knew he had absolutely no basis to charge me with 1st degree murder or kidnaping", but nevertheless, arrested and indicted Lavergne and "then tr[ied] to gather enough evidence to convict later." [rec. doc. 13, pg. 1].

These actions are alleged to have violated Lavergne's constitutional rights, and constituted libel, slander and malicious prosecution.  By this action, Lavergne seeks "punitive and actual damages" for mental anguish, pain, suffering and grief these actions have allegedly caused him.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders  of the Court.

## **LAW AND ANALYSIS**

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count.  In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count.  Lavergne did not directly appeal

his convictions or sentences. Post-Conviction relief has not been granted.[3] Moreover, neither this nor any other federal court has issued a writ of *habeas corpus*.

## I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have

---

[3] This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. *Heck v. Humphrey*

Lavergne seeks monetary damages from Fifteenth Judicial District District Attorney Mike Harson and his Office in connection with his state criminal proceeding, which resulted in Lavergne's conviction for the murder of Michaela Shunick and Lisa Pate, for which he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil

rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional, Lavergne stands convicted, and his convictions were, in part, the result of the alleged complained of illegal and unconstitutional actions of the defendants. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his criminal prosecution and resulting convictions and sentences, are barred by *Heck*. The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III. Prosecutorial Immunity

Despite the applicability of *Heck*, a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915 determination. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Lavergne's claim against District Attorney Harson for his role in securing a conviction against him for murder is additionally subject to dismissal because Harson is immune from suit for monetary damages.

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). As the Supreme Court has stated: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). Thus, the Fifth Circuit has held that "[p]rosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Graves v. Hampton*, 1 F.3d. 315, 318 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42

F.3d 249 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993).  Moreover, absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently.  *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) *citing Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987). This is so because a prosecutor should not be distracted by threat of subsequent, time consuming and duplicative civil rights actions when performing duties of his office. *Imbler*, 424 U.S. at 424-426, 96 S.Ct. at 992-93; *Brummett*, 946 F.2d at 1181.

Lavergne's claim against Harson is clearly based on his conduct as the State's advocate and Harson is therefore entitled to absolute prosecutorial immunity.  Lavergne's claims against Harson should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) since Lavergne fails to state a claim upon which relief can be granted, and seeks monetary relief against a defendant who is immune from such relief.

**IV.  Fifteenth Judicial District District Attorney's Office**

Finally, Lavergne's suit against the Fifteenth Judicial District District Attorney's Office is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  The Fifteenth Judicial District District Attorney's Office is not a person capable of being sued under § 1983 and further, Louisiana law does not permit the District Attorney's Office to be sued in its own name. *Delta Fuel Co., Inc. v. Maxwell*, 2011 WL 5159703, *affd*,485 Fed. Appx. 685, 686 (5th Cir. 2012) *citing Hudson v. City of New Orleans,* 174 F.3d 677, 680 (5th Cir. 1999); *Murray v. Earle*, 334 Fed. Appx. 602, 606 at fn. 2 (5th Cir. 2009) (noting that "the "Travis

8

County District Attorney's Office" is not a separate entity. . .the district attorney is the proper party to sue when contending a constitutional violation by a district attorney's office."); *Devillier v. Calcasieu Parish District Attorney's Office*, 2007 WL 2815846, *3 (W.D. La. 2007); *Rinker v. New Orleans District Attorney*, 2010 WL 2773236, *4 (E.D. La. 2010) *citing Harris v. Orleans District Attorney's Office*, 2009 WL 3837618, *2 (E.D. La. 2009).

**V. State Law Claims**

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[4]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

---

[4]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, both Lavergne and Harson are Louisiana citizens. Accordingly, complete diversity is lacking.

9

In light of the above, all federal claims asserted against the defendants will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above[5];

**IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's claims against District Attorney Mike Harson be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.

---

[5]Although Lavergne does not seek his immediate release from custody. The undersigned notes that such relief is not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (A *habeas corpus* petition is the proper vehicle to seek release from custody); *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

Further, the undersigned notes that any *habeas corpus* action which Lavergne could file would most probably be dismissed for failure to properly and fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1). Nothing suggests that Lavergne has exhausted his state court remedies by fairly presenting his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

§ 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted, and seeking monetary relief against a defendant who is immune from such relief.

Alternatively, **IT IS RECOMMENDED** that Lavergne's claims against the Fifteenth Judicial District District Attorney's Office be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE